## BARR v. GREEN.

(Supreme Court, Appellate Division, Fourth Department. December 29, 1911.)

Appeal from Trial Term, Wyoming County.

Action by Laura Barr, an infant, by John F. Barr, her guardian ad litem, against George Green. From a judgment for defendant, and for costs, plaintiff appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE and ROBSON, JJ.

A. J. Knight, for appellant.
Frank W. Brown, for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

KRUSE, J. (dissenting). The plaintiff, a schoolgirl 11 years old, ran against a strand of barbed wire. She was hurt, and it is claimed on her behalf that the defendant was at fault and is liable for her injuries.

The defendant's farm adjoins on three sides the grounds of the school which the girl attended. Up to within a day or two before she was hurt, the school grounds were open and unfenced, and the children were in the habit of running to a strawberry patch on the defendant's farm, near the school grounds. The defendant, for the purpose of inclosing his farm along the road and around the school grounds, built a barbed wire fence. Posts were driven at intervals, to which the barbed wire was attached. At the time the plaintiff was injured the fence was not completed. The defendant had strung a single strand of barbed wire, attached to the posts near the top and about four feet from the ground. That was done one day when the plaintiff was not at school, and she did not notice the wire when she returned, until she ran against it. School had been let out for recess. She started from the schoolhouse door to run to the strawberry patch, looking over her shoulder, calling to another girl, and, being unaware of the strand of barbed wire, ran against it and was caught under the chin; the barb penetrating and lacerating her neck. At the close of the evidence the trial court refused to submit the case to the jury, and granted the defendant's motion dismissing the complaint, to which the plaintiff excepted.

The building of a barbed wire fence as a division fence is regulated by statute. Town Law (Consol. Laws 1909, c. 62) § 369. Such a fence is forbidden, except under certain conditions therein named, and even then the person building the fence is liable for damages, unless the building of such a fence is consented to by the adjoining owner. It is contended, however, that the statute applies only to damages done to cattle. However that may be, I think the nonsuit was improper, irrespective of the statute. It hardly seems necessary to make an extended argument to show that a barbed wire fence around school grounds, where children run and play, is a dangerous contrivance, especially in the incomplete condition of this fence, with but a single strand of wire, four feet from the ground. While, perhaps, it cannot be held as a matter of law that such a fence is a nuisance, I think that conclusion may be reached without difficulty upon the facts and circumstances of this case.

In any event, it was at least a question of fact, as I think, whether the defendant was negligent in stringing this wire and permitting it to remain as he did; and the question of the plaintiff's contributory negligence was likewise a question for the jury. Taking into account

her age and the exuberance and heedlessness common to children, it should not be held that she was guilty of contributory negligence as a matter of law.

I think the judgment should be reversed, and a new trial ordered.

SPRING, J., concurs with KRUSE, J.